UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

Timothy & Annae Sanders,   Case No. 06-40096
                           Chapter 7
          Debtors.         Hon. Phillip J. Shefferly
_____/

**ORDER DENYING MOTION FOR AN ORDER CONFIRMING
THAT THE STAY HAS BEEN TERMINATED**

On January 4, 2006, the Debtors filed a joint Chapter 7 petition. On March 14, 2006, DCFS Trust ("Creditor") filed a motion for an order confirming that the automatic stay has been terminated as to the Creditor. The motion recites that the Debtors entered into a lease agreement pre-petition with the creditor with respect to a 2005 Jeep Grand Cherokee. The motion further recites that the lease was not timely assumed and was therefore rejected under § 365(d)(1) of the Bankruptcy Code. Finally, the motion recites that because the lease was rejected, then under § 365(p)(1) of the Bankruptcy Code, the 2005 Jeep Grand Cherokee is no longer property of the estate and the stay under § 362(a) of the Bankruptcy Code has been terminated. The Creditor's motion requests that the Court enter an order confirming that the automatic stay has been terminated with respect to Creditor and the 2005 Jeep Grand Cherokee.

The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA) amended § 362 of the Bankruptcy Code in numerous respects. In two specific instances, the amendments to § 362 permit a party in interest to request, and direct the Court to enter, an order "confirming" the status of the automatic stay. The first instance is contained in § 362(c)(4)(A) which provides as follows:

> (i) if a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed, other than a case refiled under section 707(b), the stay under subsection (a) shall not go into effect upon the filing of the later case; and
> (ii) on request of a party in interest, the court shall promptly enter an order confirming that no stay is in effect.

The second provision addressing orders "confirming" the status of the stay is contained in § 362(j) and reads as follows:

> On request of a party in interest, the court shall issue an order under subsection (c) confirming that the automatic stay has been terminated.

In the first instance, § 362(c)(4)(A)(ii) permits a party to request, and directs the Court to enter, an order "confirming that no stay is in effect." In the second instance, § 362(j) permits a party in interest to request, and directs the Court to issue, "an order under subsection (c) confirming that the automatic stay has been terminated."

Creditor's motion is not based upon the circumstances described in § 362(c)(4)(A) and therefore does not request entry of an order confirming that "no stay is in effect." Nor does Creditor's motion rely upon the circumstances described in § 362(c) as the basis for requesting that the automatic stay "has been terminated" under § 362(j). Instead, Creditor's motion is based upon § 365(p)(1). That section of the Bankruptcy Code was added by BAPCPA and contains its own independent provision that makes clear that, if the circumstances described in § 365(p) are present, then the automatic stay under § 362(a) is "automatically terminated." Section 365(p) reads in its entirety:

> If a lease of personal property is rejected or not timely assumed by the trustee under subsection (d), the leased property is no longer property of the estate and the stay under section 362(a) is automatically terminated.

Although Congress in BAPCPA created two specific instances where parties in interest are permitted to request, and the Court is directed to enter, an order "confirming" the status of the automatic stay, neither of those provisions pertain to the circumstances set forth in § 365(p)(1). That section of the Bankruptcy Code independently and "automatically" terminates the stay, without further process and without resort to any other section of the Bankruptcy Code, if the circumstances set forth in that provision are present. No court order is required by that provision to effectuate it nor does it require resort to any other provision of the Bankruptcy Code to effectuate it. In contrast to § 362(c)(4)(A) and § 362(j), § 365(p)(1) contains no mechanism permitting a party to request entry of an order "confirming" the termination of the stay, nor any provision either authorizing or directing the Court to enter such order if requested. This appears to be by design as the statute states unequivocally that if a lease of personal property is rejected, the leased property is no longer property of the estate "and the stay under § 362(a) is <u>automatically</u> terminated." 11 USC § 365(p) (emphasis added). The "automatic" nature of § 365(p) dispenses with the need for an order "confirming" the status of the automatic stay in the specific circumstances described by § 365(p)(1). Congress did not authorize parties in interest to request "confirmation" of the effect of this statutory provision, nor did it require a Bankruptcy Court to provide such "confirmation," despite the fact that Congress clearly identified other specific circumstances where such "confirmation" is both authorized and required. The Creditor's motion then is, in essence, a request for a comfort order with a declaratory ruling by the Court regarding the meaning of the provisions of § 365(p), and is unlike the statutory authority for the entry of an order "confirming" the status of the automatic stay under either § 362(c)(4)(A) or § 362(j).

Because neither § 362(c)(4)(A) nor § 365(j) direct the Court to enter an order "confirming" the status of the automatic stay in the circumstances of § 365(p), and because § 365(p) does not itself contain a directive to the Court to enter an order "confirming" that the stay is terminated under that subsection of

the Bankruptcy Code, the Court declines to enter an order "confirming" whether the stay has been "automatically terminated" under the circumstances described in § 365(p)(1). Accordingly,

IT IS HEREBY ORDERED that the Creditor's motion for entry of an order confirming that the automatic stay has been terminated under § 365(p) of the Bankruptcy Code as to DCFS Trust and the 2005 Jeep Grand Cherokee is denied.

**Entered: April 06, 2006**

                                      **/s/ Phillip J. Shefferly**
                                  **Phillip J. Shefferly**
                                  **United States Bankruptcy Judge**